UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| DAVE BURKE, | ) |
| Plaintiff, | ) Civil Action No. 2: 22-134-WOB |
| v. | ) |
| QUALITY CORRECTIONS HEALTHCARE, *et al.*, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Proceeding without a lawyer, Plaintiff Dave Burke, an inmate at the Kenton County Detention Center ("KCDC") in Covington, Kentucky, previously filed a complaint in the Kenton County (Kentucky) Circuit Court against Defendants Quality Corrections Healthcare, C.E.O. Johnny E. Bates, Dr. Kern, NP Washington, Nurse Mary, Nurse Jessica, and Dennis Biddle. [R. 1-3] In his complaint, Burke brings claims of "medical malpractice, negligence/gross negligence, failure to train and supervise to include improper treatment of Burke's physical and mental needs," as well as a claim "that defendants negligently misdiagnosed his mental health disorder and that his medical care has fallen below the appropriate standard of care." [R. 1-3 at p. 1] Burke also states that he "asserts a violation of his rights under 42 U.S.C. 1983 and [the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA")]." [*Id.*]

Based upon Burke's references to these two federal statutes, Defendants filed a Notice of Removal removing this action from the Kenton Circuit Court to this Court pursuant to 28 U.S.C. § 1441(c). [R. 1] In their Notice of Removal, Defendants state that removal is appropriate because "this Court has original jurisdiction over this type of action pursuant to 28 U.S.C. § 1331…because

the amount in controversy is believed to exceed the sum of $75,000…and this is a civil action including claims arising under the Constitution, laws, or treaties of the United States." [R. 1][1]

In response, Burke filed a motion "to return case back to state court," objecting to Defendants' removal of this case. [R. 6] In his motion, Burke states that he "filed this claim against the defendants for negligence/gross negligence to include state law claims of violations of Burke's Kentucky Constitutional rights." [*Id.*] Burke further argues that he "is the master of his own complaint," and "asserts that he forgoes any and all claims for any Federal Constitutional Rights he may have at this time." [*Id.*] Burke has also filed a motion to file an amended complaint [R. 13] and has submitted an amended complaint deleting his prior references to § 1983 and the ADA. [R. 13-1]

As a threshold matter, this Court must first address its jurisdiction over Burke's complaint. In making this determination, "a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal." *Maynard v. CGI Techs. & Sols., Inc.*, 227 F. Supp. 3d 773, 776 (E.D. Ky. 2017) (citation omitted). *See also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("For jurisdictional purposes, our inquiry is limited to examining the case 'as of the time it was filed in state court.") (quoting *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 390 (1998)). Thus, the Court will consider Burke's claims as pled in the original complaint filed in state court, rather than his tendered amended complaint.

As the removing party, Defendants bear "the burden of demonstrating federal jurisdiction, and all doubts should be resolved *against* removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581

---

[1] Despite Defendants' reference to the amount in controversy, they do not appear to argue that this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, nor could they, as both Burke and at least one (if not more) of the Defendants are residents of the Commonwealth of Kentucky.

(6th Cir. 2007) (emphasis added). *See also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) ("[S]tatutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."); *Maynard v. CGI Techs. & Sols., Inc.*, 227 F. Supp. 3d 773, 776 (E.D. Ky. 2017) ("Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court."). Moreover, "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's rights to choose a state law cause of action." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 943 (6th Cir. 1994) (citations omitted).

Here, Defendants argue that this Court has original jurisdiction over the complaint because Burke's complaint include claims arising under federal law – specifically, a § 1983 claim and an ADA claim. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Thus, under the "well-pleaded" complaint rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.

To be sure, Burke failed to adequately plead either of his "federal claims," as the entire basis for these claims are his conclusory allegations that his "rights" under § 1983 and the ADA have been violated.[2] It is well established that "a plaintiff's obligation to provide the 'grounds' of

---

[2] Moreover, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). However, because § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred…[t]he first step in

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). *See also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). Even so, Burke's decision to allege that his rights under § 1983 and the ADA were violated arguably presented federal questions on the "face" of his complaint, thus making his complaint subject to removal based on the presence of a federal question. Thus, his motion to remand will be denied. [R. 6]

However, this does not end the Court's inquiry, as Burke has now filed a motion for leave to file an amended complaint. [R. 13] Although Burke may no longer amend his complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), he may still amend his complaint with the Court's leave, which the Court "should freely give…when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has "... emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F. 3d 636, 645 (6th Cir. 2015) (cleaned up). Leave should be granted unless permitting amendment would be futile, the plaintiff has improperly or unduly delayed in seeking amendment, or the defendant would suffer undue prejudice if the amendment is permitted. *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotations and citations omitted). Despite Burke's reference to § 1983, his complaint does not bring a claim alleging that his federal constitutional rights have been violated. In fact, he does not cite to any federal constitutional right *at all*. Similarly, while a plaintiff may bring a claim under Title II of the ADA for "intentional discrimination or for failure to provide a reasonable accommodation," *see* 42 U.S.C. § 12132; *Jones v. City of Detroit, Michigan*, 20 F.4th 1117, 1119 (6th Cir. 2021), Burke has failed to allege any facts supporting either claim.

-4-

Taking these considerations into account, the Court will grant Burke's motion to amend his complaint. Burke, who proceeds *pro se*, moved to amend his complaint promptly, thus he has acted with the diligence required by the Rule. While permitting the amendment will cause some delay, that delay is not "undue." *Cf. Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018); *Doe v. Michigan State Univ.*, 989 F.3d 418, 426 (6th Cir. 2021). Burke's motion to amend has been filed relatively early in the case, discovery has not yet commenced, and the factual allegations and legal claims in the proposed amendment are not profoundly different from those found in his earlier pleadings. Defendants, who have not objected to Burke's motion for leave to amend, will therefore not suffer undue prejudice from the amendment. *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016).[3] For all of these reasons, Burke's motion for leave to amend will be granted.

Because Burke is a prisoner suing government officials, the Court will proceed with conducting a preliminary review of his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.[4] Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). "An amended complaint supersedes an earlier complaint for all

---

[3] While Defendants filed a response to Burke's motion for leave to amend his complaint [R. 16], they did not object to Burke's amendment of his complaint, but rather requested that the Court delay deciding this motion until it ruled on Defendants' pending motion to dismiss Burke's original complaint. However, this request ignores that Burke's amended complaint removes the source of this Court's jurisdiction over this matter (which was unquestionably tenuous to begin with).

[4] Under § 1915(e)(2) and § 1915A, the Court is required to conduct an initial screening of complaints filed by prisoners seeking redress from a governmental entity or its employees and/or proceeding *in forma pauperis* and dismiss any claims that are "frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A. *See also* 28 U.S.C. § 1915(e)(2) (noting that this determination may be made "at any time").

purposes," *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013). Thus, Burke's tendered amended complaint [R. 10-1] supersedes (or replaces) his original complaint and is now the operative pleading in this action. Burke's amended complaint deletes the prior allegation that Burke's rights under § 1983 and the ADA have been violated and does not otherwise allege any claims under federal law. [R. 13-1] Thus, to the extent Burke's federal claims ever existed in the first place, they will now be dismissed without prejudice.

While "'[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal,'…" if an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under 28 U.S.C. § 1367(c)." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 551 (6th Cir. 2006) (quoting *Harper v. AutoAlliance Int'l., Inc.,* 392 F.3d 195, 210-12 (6th Cir.2004)). A district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.")(citations omitted).

Thus, because Burke's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his remaining state law claims and will remand these claims to the Kenton Circuit Court. In light of this remand, the Court declines to review Burke's state law claims under its initial screening authority, thus it expresses no opinion as to the validity of those

claims. For administrative purposes, the remaining pending motions will be denied without prejudice to the respective parties' rights to re-file them in the Kenton Circuit Court.

Accordingly, **IT IS ORDERED** that:

1. Burke's Motion to Remand/Motion to Return Case to State Court [R. 6] is **DENIED**;

2. Burke's Motion for Leave to File an Amended Complaint [R. 13] is **GRANTED**;

3. The Clerk of the Court **SHALL FILE** Burke's tendered amended complaint [R. 13-1] into the record. Burke's amended complaint is now the operative pleading in this action.

4. As there are no federal claims alleged in Burke's Amended Complaint, any and all federal claims previously asserted in this case are **DISMISSED**, without prejudice;

5. The Court, in its discretion, declines jurisdiction over Burke's remaining state law claims pursuant to 28 U.S.C. § 1367(c). The Clerk's Office is directed to **REMAND** this matter back to the Kenton Circuit Court so that Burke may litigate his state law claims there.

6. All other pending motions, including Defendants' Motion to Dismiss [R. 7], Burke's Motion for Temporary Restraining Order and Motion for Preliminary Injunction [R. 10], and Burke's motions for hearings [R. 12, 15] are **DENIED** without prejudice as moot, to be re-raised by the parties in the Kenton Circuit Court, as appropriate;

7. This matter is **STRICKEN** from the Court's docket.

This 7th day of February, 2023.



Signed By:
William O. Bertelsman
United States District Judge